**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

AYKERIM MESSAY,                          )
                                         )
           Petitioner,                   )
                                         )
v.                                       )          Case No. CIV-26-896-J
                                         )
CHRIS GANTT, et al.,                     )
                                         )
           Respondents.                  )

## ORDER

Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Petition) [Doc. No. 1].  The matter was referred to United States Magistrate Judge Shon T. Erwin who entered a Report and Recommendation recommending that the Petition be granted and Petitioner be released from custody immediately, subject to an appropriate Order of Supervision.  The parties were advised of their right to object to the Report and Recommendation by July 7, 2026 and to respond to the other party's objections by July 10, 2026.  Respondents filed objections [Doc. No. 12] which triggers de novo review, and Petitioner has filed no response to Respondents' objections.

In the Report and Recommendation, Judge Erwin concludes that Petitioner's continued detention under 8 U.S.C. § 1231(a)(6) violates Petitioner's Fifth Amendment due process rights, pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).  In *Zadvydas*, the Supreme Court concluded that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699.  The Supreme Court further found:

> After this 6-month removal period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.

*Id.* at 701.

In the Report and Recommendation, Judge Erwin finds (1) the length of Petitioner's detention is beyond what is presumptively reasonable, (2) Petitioner has shown good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and (3) Respondents have failed to rebut Petitioner's showing.  In their objection, Respondents assert that Petitioner has not met his burden to establish a claim for relief under *Zadvydas*.  Having reviewed the court file, the Court concurs with Judge Erwin's finding.  Specifically, the Court finds Petitioner provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  Respondents, on the other hand, have not identified any countries with which any level of progress has been made toward obtaining the country's acceptance of Petitioner nor provided any other information indicating that there is a significant likelihood of removal in the reasonably foreseeable future.[1]

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 10], GRANTS Petitioner's Petition [Doc. No. 1], ORDERS Petitioner be released from custody immediately, subject to an appropriate Order of Supervision,[2] and DENIES Petitioner's Motion to Expedite Habeas Corpus Proceedings [Doc. No. 11] as MOOT.

IT IS SO ORDERED this 13th day of July, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

---

[1] The Court would note that in their objections, Respondents do not provide any additional information or argument to rebut Petitioner's showing.
[2] 8 C.F.R. § 241.5 governs the issuance and conditions of orders of supervision.

2